## MILLER v. ROCHESTER VULCANITE PAV. CO.

(Supreme Court, General Term, Fifth Department.    January 18, 1893.)

CONTRIBUTORY NEGLIGENCE—FRIGHTENING HORSES—STEAM WHISTLE.

The right of one to recover for the negligent sounding of a whistle, placed near a steam crusher, at which his team is delivering material, causing the team to run away, is not affected by a failure to warn his driver of the whistle, where there appears to have been no stated times for sounding it, so that a warning would have been of any avail.

Appeal from Monroe county court.

Action by George Miller against the Rochester Vulcanite Paving Company. From a judgment of the county court affirming a judgment of the municipal court of Rochester entered for plaintiff, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Hiram R. Wood, for appellant.
Erion E. Shutt, for respondent.

MACOMBER, J.    The ground of the action against the defendant is the negligent blowing of a steam whistle at its factory on Alexander street, in Rochester, N. Y., whereby the plaintiff's team of horses became frightened, and ran away, one of them being rendered worthless, and the harness and wagon damaged. There seems to be no question but that the amount of recovery was just, provided that liability of the defendant was made out, though some complaint is made in the appellant's brief that there should be a recovery for the value of the horse, and also compensation for his board and treatment while it still lived. But all of these expenditures were made in good faith, with a reasonable belief that the injured animal might recover. On three sides of the works of the defendant, which were erected for mixing vulcanite and crushing stone by steam power, a high board fence had been erected. For the purpose of obtaining ready access to the stone crusher, there was built a driveway of common planks, 10 feet wide, and extending upon an incline to a platform immediately over the mouth of the stone crusher. A high, tight board fence or guard surrounded this platform, except through the driveway. It was the duty of persons bringing the stone to deliver them upon the platform, near the mouth of the crusher. The defendant maintained, at a distance of about 15 feet from this platform, and rising above the roofing of the adjoining building, a

steam whistle, which was in plain sight of the persons working upon the platform. This whistle was used as a signal for the operation of the crusher, being blown to start that machine and also blown to stop it. The plaintiff's team, at the time mentioned, was·driven by his brother, who appears to have been a competent man, and accustomed to horses. After stopping his team for the purpose of unloading the stone, he placed the reins over the end of the wagon seat, and while remaining on the wagon at work, and apparently in a position where he would have the horses well under control under ordinary circumstances, without any warning to him, the whistle sounded in a manner calculated to frighten steady horses, and the team ran away, and the damage to the plaintiff's property ensued. We see no reason for disturbing the judgment appealed from. It is shown that the plaintiff, the owner of the property, and in whose employ his brother was at the time mentioned, had, by previous observation and experience, become somewhat acquainted with the operation of the defendant's steam whistle. It is now argued by the learned counsel for the appellant that there cannot be any recovery for the loss, because the plaintiff failed to warn his brother against liability of the horses taking fright through the blowing of this whistle. The argument, however, does not seem to us to be altogether sound, for the plaintiff had not been apprised by his own observation, or by any information communicated to him, that the whistle sounded statedly, so that he could warn his brother against being upon the platform with his team at such times. On the contrary, it appears that the whistle sounded at such times as suited the convenience of the defendant's employes. There remained, doubtless, the duty resting upon the driver to exercise proper care in the management of his team. This he appears to have done, and to have had them well in hand for ordinary perils. But we do not think, under the circumstances, that the failure of the plaintiff to warn the driver against this particular peril is any ground for reversing the judgment. The duty laid upon the driver was constant to exercise proper care under all the circumstances. With the team in such close proximity to the whistle, it was an act of gross negligence on the part of the defendant's employes to sound the whistle without first warning the person in·charge of the team. The judgment appealed from should be affirmed.

Judgment of the county court of Monroe county appealed from affirmed, with costs. All concur.